

Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 50141 | **DATE** | 6/7/2002 |
| **CASE TITLE** | U.S.A. vs. HAROLD W. STRANG | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due _____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, the motion for § 2255 relief is denied. The motion for transcripts is denied on the basis of his waiver in the plea agreement as well.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | |
|---|---|---|---|
| | No notices required. | | number of notices |
| | Notices mailed by judge's staff. | | JUN 10 2002 |
| | Notified counsel by telephone. | | date docketed |
| X | Docketing to mail notices. | | |
| | Mail AO 450 form. | | docketing deputy initials |
| | Copy to judge/magistrate judge. | | JUN 10 2002 |
| /SEC6 | courtroom deputy's initials | 02 JUN 10 AM 11:25 | date mailed notice |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

# ORDER

Harold Strang, a prisoner in federal custody pursuant to his conviction and sentence under 21 U.S.C. § 846, has filed a motion to vacate, set aside or correct sentence, 28 U.S.C. § 2255, contending he was denied effective assistance of counsel in various respects. He later filed a motion for a transcript stating he needed it to factually amend his original motion. The government has responded to the § 2255 motion but not the motion for transcripts as ordered. Both motions are doomed because Strang, as a part of his plea agreement, waived his right to seek further review of the conviction or sentence by direct appeal or collateral attack, except as to one issue reserved in his conditional guilty plea – appeal of an order denying his motion to suppress evidence. He did not appeal the suppression order or allege that he requested his counsel to file an appeal, nor has he contended in this motion that the plea agreement is involuntary (a transcript of the plea of guilty proceeding has been filed and shows no violation of Rule 11) or otherwise unenforceable or that he received ineffective assistance of counsel in connection with negotiation of the waiver. See Mason v. United States, 211 F.3d 1065 (7th Cir. 2000). The motion for § 2255 relief is denied. His motion for transcripts also is denied on the basis of his waiver in the plea agreement.